CARMEN FONT JIMÉNEZ DE SOROETA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 1074. Submitted October 21, 1940.—Decided November 18, 1940.

*Federico Acosta Velarde* and *Mariano Acosta Velarde* for appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The Registrar of Property of San Juan (Second Section) refused to record deed No. 38 executed, on July 26, 1940, by Doña Carmen Font widow of Soroeta and Don José María Soroeta, before Notary Mariano Acosta Velarde, whereby Soroeta, in his capacity as attorney in fact of Doña Agustina Mancisidor, acknowledged that certain mortgages securing loans which had been constituted during the existence of the marriage between Doña Carmen and Don Anselmo Soroeta, who died and of whom Doña Agustina is sole heir, formed no part of the assets of the estate of Don Anselmo, but were owned exclusively by Doña Carmen, as the money loaned belonged to the separate estate of the latter. The ground for such refusal was the lack of an express power authorizing the attorney in fact to execute that act in the name of his principal.

Feeling aggrieved by that decision, Mrs. Font took the present appeal, urging that said power of attorney confers expressly—or impliedly in any event—the authority which the registrar fails to find. She calls attention to the following clauses of that instrument:

"(2) To sell, purchase, give and receive in payment or satisfaction, whether total or partial, assign, barter, and by any other onerous mode acquire property, credits, claims and rights of all kinds . . .

"(3) . . . acknowledge and contest all claims that may be presented against the estates, make, approve, and contest inventories, valuations, liquidations, partitions and awards of hereditary property . . . make declarations of property . . .

"(7) . . . consent, constitute, acknowledge, qualify, modify, extend, subrogate, release, cancel, extinguish, redeem, and waive mortgages . . .

"(8) To ratify, approve, modify, rectify, rescind and annul all kinds of acts and contracts, . . . obtain and make acknowledgments of rights, debts, and obligations, and to fix terms and conditions for the payment and fulfillment of the same; to compromise in such manner as he may deem best all credits, actions, and rights, with power in his discretion to submit to the decision of arbitrators, or friendly adjusters.

"(12) . . . complete, modify, and formalize descriptions of properties and anything that may be required for recording the latter in the Registry of Property . . .

"(16) To appear before all kinds of authorities, . . . public offices, . . . in civil matters, . . . in those of a governmental or administrative character, in those which may be subject to special jurisdiction, and in all those in which the principal may have a direct or indirect interest, whatever their nature or the state of the question;

"(17) And generally to execute all acts and contracts whatsoever, for the powers expressed must be understood in a declaratory, not restrictive, sense, so that the attorney in fact shall have the full representation of the grantor herein, without any reservation or limitation whatsoever."

In support of his decision the registrar says:

"This is a case in which it is sought to change the mode of acquisition of certain mortgage credits constituted in favor of a conjugal partnership, by converting them into the separate estate of the wife, after the lapse of ten years as to the first credit, and of one year, more or less, as to the second, and after the death of the husband, who was the only person who could have accepted such fact.

"The first mortgage credit, for $1,300, was constituted in favor of the spouses Carmen Font Jiménez and Anselmo Soroeta Mancisidor, by a deed of December 30, 1929, which was recorded in the registry on January 22, 1930; and the other mortgage credit, for $700, also in favor of the Soroeta-Font spouses, by a deed of November 9, 1939, recorded in the registry on November 13, 1939, and in neither of those two deeds was there any pertinent declaration made, regarding the separate character of the money loaned under said mortgage credits, in favor of Soroeta's wife but both credits were recorded as belonging to the conjugal partnership of the said Soroeta-Font spouses.

"Moreover, the construction of a power of attorney is involved. The attorney in fact rather than presume must admit that the properties of the principal belong to the latter, who confers upon the former authority to alienate and encumber them, etc.

"If an attorney in fact were permitted to say that the properties entrusted to his custody belonged to a person other than the one who had authorized him to act, it would pervert the nature of the agency."

■■ A power of attorney is subject to strict construction. In the administrative appeal in *Fano* v. *Registrar,* 15 P.R.R. 313, 315, this court said:

"The contract between Taulet and Casuela was a contract of agency which, in accordance with the natural law, must be interpreted in a restricted sense.

" 'An agency, philosophically considered, is an extension of the personality.' 'The material factor of agency is the representation shown, because the agent does not contract by himself nor for himself, but he contracts by and for the principal.' 'The interpretation of an agency must always be restrictive in order to avoid the conversion of that which the principal authorized for his benefit and advantage to his prejudice.' " (11 Manresa, Commentaries to the Civil Code, 413, 415 and 454.)

"In accordance with the provisions of the Civil Code, section 1616, 'an agent cannot exceed the scope of his authority,' and, section 1515 provides 'in order to compromise, alienate, mortgage or to execute any other act of strict ownership, an express commission is required.' "

The doctrine of strict interpretation has been confirmed in subsequent decisions. See *López Landrón* v. *Registrar,* 15 P.R.R. 703, 705; *Villar* v. *Registrar,* 17 P.R.R. 412, 414; *Post et al.* v. *Registrar,* 19 P.R.R. 180, 183; *Santini* v. *Registrar,* 23 P.R.R. 305, 309; *Cobreros et al.* v. *Registrar,* 29 P.R.R. 537, 539; *Sociedad Anónima "Bernal Estate"* v. *Registrar,* 30 P.R.R. 539, 541; *González* v. *Registrar,* 47 P.R.R. 633, 634.

We think that the case now submitted to our consideration and decision is indeed an extreme one. The powers conferred herein are very broad. It seems that it was the intention of the principal to cover all conceivable acts and contracts; but the fact is that the transaction in question was not expressly included in the instrument, and there is no doubt that it involves an act of strict ownership.

Perhaps no harm might be done by recording the acknowledgment so as to produce its full legal effect, but this would create a precedent which might prove harmful in other cases, and the doctrine must be upheld.

The decision appealed from should be affirmed.